UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERTIE KATRICE BUCKLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-03522-WTL-MPB ) |
| DEBRA KING, KIM TOWNSEND, R. RAYFORD, LELIA KELLY, TODD FISHER, KEVIN SMITH Mayor, THOMAS J. BRODRICK Mayor, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Gertie Buckley brings this civil complaint against a number of defendants alleging that the defendants have violated her civil rights, the Fair Housing Act, the Americans with Disabilities Act, and Indiana landlord-tenant law, among other things.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

Buckley alleges that Debra King tricked her, breached the contract, never finished the project on her house, and allowed her to place all of her money into an escrow account. She also alleges that Mayors Smith and Broderick failed to help her with her situation. She also moves to amend to add the City of Anderson as a defendant because "these people have been hired and rehired by the City of Anderson."

Buckley's complaint must be **dismissed** because it does not provide enough facts to allow a conclusion that the defendants are responsible for violating the rights that she mentions. In other words, Buckley states that these defendants have violated her rights, but she does not include enough facts to support this claim. Her motion for assistance with serving the complaint, Dkt. No. 7, is **denied for the present** because the complaint has been dismissed. The motion to amend, Dkt. No. 6, **is denied** because she has not stated a claim against any defendant or the City of Anderson.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Buckley shall have **through December 8, 2017,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal*

*Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury she claims to have suffered and what persons are responsible for each legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## II.

Buckley also seeks appointment of counsel. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Based on the plaintiff's submission, this Court concludes that the plaintiff has made a reasonable attempt to obtain counsel. The second question then is whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

First, the motion for counsel, Dkt. No. 8, is **denied as premature**. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). In addition, it is this Court's determination that the plaintiff's current motion for counsel reflects

that she is competent to litigate this action on her own. She states that she has no difficulty reading or writing English, she has a G.E.D. and "some college, and she appears to be familiar with the factual circumstances surrounding her claims.

**IT IS SO ORDERED.**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/13/17

Distribution:

GERTIE KATRICE BUCKLEY
2936 W 11th St.
Anderson, IN 46011