UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GERTIE KATRICE BUCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03522-WTL-MPB |
| | ) | |
| DEBRA KING, | ) | |
| KIM TOWNSEND, | ) | |
| R. RAYFORD, | ) | |
| LELIA KELLY, | ) | |
| TODD FISHER, | ) | |
| KEVIN SMITH Mayor, | ) | |
| THOMAS J. BRODRICK Mayor, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff Gertie Buckley brings this civil complaint against a number of defendants alleging that the defendants have violated her civil rights, the Fair Housing Act, the Americans with Disabilities Act, and Indiana landlord-tenant law, among other things. The Court understands Buckley to claim that the City of Anderson's Community Development Department uses most of the federal funds it receives for housing projects to provide housing for employee's family members. She also states that she participated in a lease-to-purchase program which was terminated and that her home is uninhabitable. She claims that former mayor Kevin Smith fired Debra King, Kimberly Townsend, and others for mishandling federal funds meant for Housing and Urban Development projects.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

Buckley's complaint was previously screened and dismissed pursuant to this statute. The Court explained that Buckley had not stated enough facts to show that she had a right to relief. Buckley has filed an amended complaint which suffers from the same deficiencies. While Buckley makes a number of allegations and lists a number of statutes she believes have been violated, she still has failed to sufficiently state a claim upon which relief can be granted. For example, a claim under the Fair Housing Act and under other civil rights laws requires an allegation that the plaintiff was discriminated against based on her race, color, religion, sex, or national origin. 42 U.S.C. § 3604 (Fair Housing Act); 42 U.S.C. § 1983. The plaintiff makes no such allegation here. In addition, any claim based on the Americans with Disabilities Act requires an allegation that the plaintiff was discriminated against on the basis of a disability, but she does not claim that she has a disability. Further, Buckley cannot state a claim for relief under

the Housing and Urban Development Act because that law does not provide private individuals with the right to bring lawsuits. *See Burroughs v. Hills*, 741 F.2d 1525, 1532 (7th Cir. 1984).

Buckley will have one final opportunity to file an amended complaint. In filing an amended complaint, she shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury she claims to have suffered and what persons are responsible for each legal injury – in other words, the amended complaint must state specifically how each individual defendant violated her legal rights; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

Buckley shall have **through March 12, 2018**, to file an Amended Complaint.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 2/12/18

Distribution:

GERTIE KATRICE BUCKLEY
2936 W 11th St.
Anderson, IN 46011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana